# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAYMOND FRANCIS, LASHANDA
KING, and JULIEN PETIT-FRERE,**

**Plaintiffs,**

**-vs-**                                              **Case No.  6:07-cv-1046-Orl-18DAB**

**D'FAITHFUL TRANSPORTATION, INC.,
VONYA DIXON ,**
                              **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

---

**MOTION:**       **MOTION FOR DEFAULT JUDGMENT (Doc. No. 14 )**

**FILED:**       **December 7, 2007**

_____

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

---

According to the docket, this case was filed June 21, 2007 (Doc. No. 1), and returns of service

were filed in July.  Defendants did not respond to the complaint.  As Plaintiff failed to apply for entry

of a default, as required, the Court issued an Order to Show Cause why the complaint should not be

dismissed for failure to prosecute (Doc. No. 9).  Plaintiff promptly filed for entry of default and the

Clerk obliged on September 12, 2007 (Doc. Nos. 10, 11).  Thereafter, Plaintiff did not apply for a

default judgment in a timely fashion, so the Court issued its second Order to Show Cause why the

complaint should not be dismissed for failure to prosecute (Doc. No. 12).  On October 26, 2007,

Plaintiff filed a response (Doc. No. 13) to the Order, indicating that counsel had been having difficulty obtaining Affidavits from Plaintiffs and requesting ten additional days in which to obtain same and file the motion for entry of default judgment.  The Court did not act on this request and did not discharge the Order to show cause.

On December 7, 2007, more than a month after Plaintiff requested 10 additional days, Plaintiff filed the motion for default judgment (Doc. No. 14).  By Order dated December 11, 2007, the undersigned ordered counsel to supplement the motion within eleven days, as it was unclear whether service was perfected upon the corporate defendant (Doc. No. 15).  To date, no supplementation has been filed, nor has Plaintiff filed any paper seeking more time or to excuse the noncompliance.  As Plaintiff has failed to comply with the Order and has established a pattern of failing to comply with the federal and local rules with respect to timely prosecution of this case, the Court may wish to consider sanctions.  Regardless, the instant motion should be denied, on its merits.

As set forth in prior Order, it does not appear that the corporate Defendant was adequately served.  That, alone, is sufficient to deny the motion with respect to the corporate defendant.  Even if service was properly had, however, the complaint and supporting affidavits are not enough to establish liability, as a matter of law.

The complaint alleges that Plaintiff was employed by the corporation *and* Vonya Dixon, individually, and the affidavits attest to same.  The complaint and the motion, however, often refer to "Defendant" (singular) and no facts are pled sufficient to support the conclusion that Dixon was, in fact, a *joint* employer.  Indeed, although Plaintiff has alleged that Defendant [singular] was an enterprise covered by the FLSA, no facts are alleged sufficient to establish that proposition as a legal conclusion.  As recently noted by the Southern District:

-2-

While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. *See Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

*Silver v. Dr. Neal Krouse*, *D.O., P.A.*, 2007 WL 4098879 (S.D. Fla. 2007) (slip opinion).

Here, there is nothing but a bare conclusion that the corporate employer is a covered enterprise under FLSA and absolutely no evidence regarding Dixon's liability.  An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-638 (11th Cir.1986) (internal citation omitted).  To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee. *Id*. at 638.  "The proper criteria for a court to analyze in determining if a an individual is an employer for the purposes of the FLSA is whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employee records." *Powell v. Carey Intern., Inc.,*  483 F.Supp.2d 1168, 1183 (S.D. Fla. 2007) (finding no liability for individual defendant where there was no evidence that individual defendant had the power to hire and fire employees at the limousine service, controlled the drivers' schedules, determined their base rate or fixed gratuity, or had any involvement with employee records).  This record does not support entry of a default judgment against either Defendant.

For the foregoing reasons, it is **respectfully recommended** that the motion be **denied.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 11, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy